**Shari L. DEMBIN, Plaintiff,**

v.

**LVI SERVICES, INC., LVI Parent Corp., and Scott E. State, in his official and individual capacities, Defendants.**

No. 11 Civ. 1888 (JSR).

United States District Court, S.D. New York.

Nov. 8, 2011.

Douglas Holden Wigdor, Matthew David Gorman, Shaffin Abdul Datoo, Thompson Wigdor & Gilly LLP, New York, NY, for Plaintiff.

Nicholas Hall De Baun, Joanne Seltzer, Michael D. Mann, Sidley Austin LLP, New York, NY, for Defendants.

### MEMORANDUM ORDER

JED S. RAKOFF, District Judge.

Pending before the Court is the motion of defendants LVI Services, Inc., LVI Parent Corp. (the "LVI Defendants"), and Scott E. State for summary judgment. At oral argument held on October 27, 2011, the Court granted from the bench defendants' motion with respect to plaintiff Shari Dembin's claims of discriminatory retaliation under the New York City Human Rights Law. This Memorandum Order confirms that ruling and further decides defendants' motion for summary judgment on the single remaining claim in this case: plaintiff's claim of retaliation under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(d), for defendants' terminating her position after her father, Burton Fried, former Chairman of LVI, complained of age discrimination. *See generally Fried v. LVI Servs., Inc.,* No. 10 Civ. 9308, 2011 WL 4633985 (S.D.N.Y. Oct. 4, 2011). After full consideration of the parties' briefs and oral argument, the Court hereby denies the motion to dismiss the remaining ADEA retaliation claim against the LVI Defendants.

In *Fried,* this Court held that there was a genuine issue of material fact as to whether LVI's purported justification for terminating Dembin—cost-cutting measures that included closing the Westport, Connecticut office where she worked—was pretextual. *Id.* at 30. In denying defendants' motion for summary judgment on Fried's claim of ADEA retaliation for terminating his daughter, the Court held Fried had "introduced just enough evidence for a reasonable jury to conclude that defendants' decision to terminate Dembin, following so closely on the heels of defendants' contentious dispute with Dembin's father after he complained of age discrimination, constituted retaliation under the ADEA." *See Id.* at 31.

■ At oral argument in Dembin's case, defendants argued that evidence not available in Fried's case showed there was no longer any issue of material fact and that defendants' cost-cutting justification for terminating Dembin was not pretextual. Oral Arg. Tr. at 4:12–5:19. Specifically, defense counsel pointed to the "testimony" (by which the Court assumes she meant the depositions) of Dembin, Joseph Annarumma, and Kamal Sookram.[1] *Id.* at 5:5–

---

1. Based on the parties' submissions, the Court is unaware of any deposition taken of Kamal Sookram by either party. The only depositions noted in defendants' counsel's declarations in support of the instant motion for summary judgment that were not available in the *Fried* litigation are the depositions of Shari Dembin, dated August 18, 2011, and of Joseph Annarumma, dated August 25, 2011.

15. The deposition of Dembin merely adds that plaintiff is aware her responsibilities were transferred to other employees in LVI's New York City office. Seltzer Decl. Ex. B, at 223, 229. This does not undercut Dembin's argument that her responsibilities were ones LVI could not eliminate, unlike other employees. Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment ("Pl. Opp. Br."), at 15.

■ The deposition of Annarumma supports defendants' argument, but not enough to tip the balance in favor of finding there is no issue of material fact. In his deposition Annarumma was asked, "Do you know why the people who were laid off work were chosen?" Seltzer Decl. Ex. C, at 32:17–18. He responded, "Because they felt, I gather, that other people can do their responsibilities." *Id.* at 32:19–21. This gives more credence to defendants' argument that their cost-cutting justification is not pretextual, as it arguably shows Dembin was not the only employee whose responsibilities were transferred to other employees. But Annarumma's statement is by his own admission speculative, since it is based on what he could "gather" of LVI's management's reasoning. Further, defense counsel admitted that Annarumma "did not know" why Dembin was terminated and that he "really didn't know . . . the financial reasons why the West Port [sic] office was being terminated." Oral Arg. Tr. at 13:3–21. Mere speculation from a witness who was not in a position to know the relevant justifications for the termination of employees in the Westport office is insufficient to convince this Court that it should treat Dembin's retaliation claim differently from her father's retaliation claim.

■ Defendants also argue that Dembin cannot raise a retaliation claim for discrim-

ination that her *father* suffered and complained of. According to defendants, the Supreme Court's holding in *Thompson v. N. Am. Stainless, LP,* —— U.S. ——, 131 S.Ct. 863, 178 L.Ed.2d 694 (2011), that family members can raise retaliation claims for discrimination against their loved ones under Title VII, does not necessarily extend to ADEA retaliation claims. *Id.* at 867. In so arguing, defendants point to the Supreme Court's opinion in *Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 167, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009), where the Court noted a clear distinction between claims raised under Title VII and under the ADEA. Memorandum of Law in Support of Defendants' Motion for Summary Judgment ("Def. Br."), at 10. The distinction relevant in *Gross,* however, is not relevant here.

Specifically, *Gross* relied on textual differences between Title VII and the ADEA that related to the question of whether the ADEA, unlike Title VII, does not authorize mixed-motive age discrimination claims. *See* 129 S.Ct. at 2348–51. Here, however, there are no such textual differences. Indeed, the retaliation provisions of Title VII and the ADEA are nearly identical. *Compare* 42 U.S.C. § 2000e–3(a), *with* 29 U.S.C. § 623(d). As a result, the Second Circuit previously held, albeit pre-*Gross,* that the same standards and burdens apply to retaliation claims under both the ADEA and Title VII. *Kessler v. Westchester Cnty. Dep't of Soc. Servs.,* 461 F.3d 199, 205 (2d Cir.2006). The reasoning of *Thompson* reinforces this conclusion. Justice Scalia's opinion in *Thompson* noted that "[w]e expect that firing a close family member will almost always" dissuade a reasonable worker from making or supporting a charge of racial discrimination. *Thompson,* 131 S.Ct. at 868. This Court sees no reason why this would be any

*See* Affirmation of Joanne Seltzer dated September 14, 2011 ("Seltzer Decl.") ¶¶ 4–5.

different when the charge is age discrimination. *Cf. Hovsepyan v. Blaya,* 770 F.Supp.2d 259, 269 (D.D.C.2011) (holding *Thompson* extends to retaliation claims under the Americans with Disabilities Act).

Accordingly, defendants' motion for summary judgment on plaintiff's ADEA retaliation claim is hereby denied and the claim will proceed to trial. Counsel for both parties are directed to convene a joint telephone conference with the Court by no later then November 11, 2011 in order to schedule a trial date. The Clerk of the Court is directed to close document number 17 on the docket sheet of this case.

SO ORDERED.